IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL C. ROCHELEAU,<br><br>Plaintiff,<br>v.<br><br>RENEE STAPLETON,<br><br>Defendant. | Case No.: 3:25-cv-00558-AN<br><br>OPINION AND ORDER |

Plaintiff Paul C. Rocheleau seeks to overturn defendant Renee Stapleton's decision in his workplace retaliation case. Plaintiff asserts claims for monetary and injunctive relief under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed for failure to state a claim, and plaintiff filed an amended complaint and a second amended complaint. Now, defendant has filed a motion to dismiss, which is fully briefed, and the Court finds that oral argument will not assist it in resolving this matter. *See* Local R. 7-1(d). For the reasons stated below, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.[1]

## LEGAL STANDARDS

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion should be granted when the allegations do not "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

[1] Also pending before the Court is plaintiff's motion for leave to file a surreply, ECF 22, which is granted.

When evaluating the sufficiency of a complaint, a court "accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff." *Detwiler v. Mid-Columbia Med. Ctr.*, 156 F.4th 886, 893 (9th Cir. 2025). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, although courts must draw all reasonable inferences from the factual allegations in favor of the plaintiff, courts need not credit "legal conclusions couched as factual allegations." *Detwiler*, 156 F.4th at 893.

Pleadings filed by self-represented litigants "must be held to less stringent standards than [those] drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Where the plaintiff is self-represented, courts are obligated "'to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt.'" *Id.* (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)). However, "[t]his liberal interpretation may not . . . 'supply essential elements of the claim that were not initially pled.'" *Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1141 (D. Or. 2018) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Further, "'[u]nless it is absolutely clear that no amendment can cure the defect,'" self-represented litigants are "'entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU National Labor Organization*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## BACKGROUND

Plaintiff's complaint here is based on the handling of two complaints with state agencies—a workplace safety complaint made to the Oregon Occupational Safety and Health Division ("OSH") and a retaliation complaint made to the Oregon Bureau of Labor & Industry ("BOLI"). Plaintiff alleges that defendant's resolution of the retaliation complaint violated the U.S. Constitution. The Court draws all facts from plaintiff's operative complaint and incorporated exhibits and treats all such factual allegations as true.

**A. Factual Background**

In June 2023, plaintiff filed a whistleblower complaint against his then-employer, Analog Devices, with OSH, following an internal complaint made in May 2023. *See* 2d Am. Compl., ECF 12, at 7, 102.[2] Plaintiff's OSH complaint asserted that Analog Devices, a semiconductor manufacturer, was venting hazardous chemicals into employee areas. *Id.* at 10-11. Analog Devices responded to that complaint on September 5. *Id.* at 56-57. On October 9, OSH closed plaintiff's whistleblower complaint, concluding that Analog Devices did not violate the law. *Id.* at 51. Plaintiff contested the closure of the complaint on October 19, *id.* at 52, 108-10, and was informed that the complaint would not be reopened, *id.* at 104-05.

On November 1, Analog Devices informed plaintiff that his employment was being terminated, effective November 17. *Id.* at 8. Plaintiff then filed a whistleblower retaliation complaint with BOLI. *Id.* at 102-03. On February 8, 2024, BOLI issued a complaint dismissal memo concluding that Oregon's rebuttable presumption of retaliation did not apply because the last whistleblower action of which Analog Devices was aware was more than 60 days before plaintiff's employment was terminated and that Analog Devices' evidence of downsizing based on plaintiff's below-average performance established a legitimate non-discriminatory reason for the termination. *Id.* at 49-50. The next day, the Oregon Civil Rights Division issued a right-to-sue letter, informing plaintiff that he had a right to bring suit in court. *Id.* at 48.

Plaintiff promptly requested that OSH review BOLI's dismissal of plaintiff's retaliation complaint. *Id.* at 70-82. OSH asked BOLI to reconsider its conclusion with respect to Oregon's rebuttable presumption, *id.* at 44, and on April 18, 2024, BOLI issued an addendum to the complaint dismissal memo noting that "while not probable" it was possible that plaintiff could establish that Oregon's presumption of discrimination did apply but, even if it did apply, Analog Devices had successfully rebutted that presumption. *Id.* at 46-47. On May 10, OSH issued a letter, signed by defendant, concluding that OSH "agree[d] with BOLI's determination to dismiss and administratively close the case." *Id.* at 44.

[2] All citations to CM/ECF pagination stamped at the top of each page.

Plaintiff then filed a request for federal review with the U.S. Occupational Safety and Health Administration ("Federal OSHA"). *Id.* at 42. On August 27, 2024, Federal OSHA concluded that there was not enough information to conclude that Analog Devices had or had not retaliated, and it referred the case back to the state for further investigation. *Id.* On October 16, BOLI issued a second addendum, concluding that plaintiff had established a prima facie case of retaliation—in part because of the close proximity of his whistleblower complaint and termination—but Analog Devices adequately established a legitimate nonretaliatory reason for discharging plaintiff. *Id.* at 38-41. The Civil Rights Division issued plaintiff another right-to-sue letter on November 20. *Id.* at 37.

Plaintiff disputed BOLI's renewed conclusion and sought review by OSH. *Id.* at 31-36. On December 20, in a letter signed by defendant, OSH notified plaintiff that "[a]fter review of the information obtained by BOLI during [its] additional investigative steps, [OSH] agrees with the final determination" made by BOLI and the Civil Rights Division. *Id.* at 30.

Plaintiff again requested federal review by Federal OSHA. *Id.* at 28. On February 18, Federal OSHA sent plaintiff a letter concluding that the state "proceedings dealt adequately with all factual issues raised and the proceedings were fair, regular, and free of procedural infirmities" and that "the outcome of those proceedings was neither palpably wrong, nor repugnant to the purpose and policy" of the Occupational Safety & Health Act of 1970. *Id.* On February 18, 2025, Federal OSHA responded to an inquiry from plaintiff and confirmed that he had exhausted his appeals with Federal OSHA. *Id.* at 100.

**B. Procedural Background**

Plaintiff filed this case on April 7, 2025, requesting to proceed without paying fees. *See* Compl., ECF 2. Pursuant to 28 U.S.C. § 1915(e), the Court dismissed the complaint for failure to state a claim. *See* Order of July 2, 2025, ECF 6. Plaintiff filed an amended complaint, ECF 7, and, with leave of the Court, a second amended complaint, ECF 12. Defendant filed a motion to dismiss. *See* Def. Mot., ECF 18. Plaintiff responded in opposition, *see* Pl. Resp., ECF 19, defendant filed a reply in support, *see* Def. Reply, ECF 21, and plaintiff sought leave to file a surreply, *see* Pl. Surreply, ECF 22.

## DISCUSSION

The cause of action at issue here is somewhat ambiguous in plaintiff's operative complaint, but his surreply opposing dismissal makes clear that "[t]his is a case involving a constitutional violation of" the Fifth and Fourteenth Amendments, brough pursuant to 42 U.S.C. § 1983. *See* Pl. Surreply 2. Section 1983 provides a cause of action to redress "the deprivation of any rights, privileges, or immunities secured by the Constitution" by a person acting under color of state law. 42 U.S.C. § 1983.

At its core, plaintiff's complaint asserts that defendant (and others) misapplied Oregon law. But "a claim for violation of state law is not cognizable under § 1983." *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 855 n.3 (9th Cir. 2007). Both the U.S. Supreme Court and Ninth Circuit have concluded that a "'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n. 21 (1982) (quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948)); *see also Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981) (per curiam) ("Violations of state law, without more, do not deprive a [person] of due process."). Accordingly, the Court must assess whether the actions taken by defendant deprived him of due process, whether or not they adhered to state law.[3]

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). As the Background section shows, plaintiff was afforded numerous opportunities to be heard and layers of meaningful review. Counting them up: (1) Plaintiff's retaliation complaint was investigated by BOLI, 2d Am. Compl. 102-03; (2) BOLI's decision was reviewed by defendant, who required BOLI to reconsider its decision with respect to the rebuttable presumption of retaliation, *id.* at 44; (3) BOLI then re-reviewed plaintiff's allegations, *id.* at 46-47; (4) Plaintiff again appealed to defendant, who upheld BOLI's determination this time, *id.* at 44; (5) Plaintiff sought and

[3] Plaintiff makes a cursory reference to "Equal Protection (discrimination)" for the first time in his surreply. Pl. Surreply 2. To state an equal protection claim, plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). The complaint contains no allegations to support such a claim.

received a federal review of BOLI's determination, which resulted in a remand for further investigation, *id.* at 42; (6) BOLI conducted a third review of plaintiff's complaint, *id.* at 38-41; (7) Plaintiff sought and received a third review by defendant, *id.* at 30; and (8) Federal OSHA reviewed BOLI's determination for a third time and concluded that it comported with the law, *id.* at 28. And the exhibits incorporated in plaintiff's complaint strongly suggest that the reviewing agencies engaged seriously with the substance of plaintiff's arguments—defendant required BOLI to revisit its conclusion regarding the presumption of retaliation, *id.* at 44, and Federal OSHA required BOLI to better substantiate its conclusions, *id.* at 42. If plaintiff was dissatisfied with those eight layers of review, he also had the right to have his grievance against his former employer heard in court by bringing a retaliation claim against Analog Devices. *Id.* at 37.

Fundamentally, plaintiff seeks not more process or procedural protections, but a different outcome to the process he was afforded. The Court cannot give him that. Plaintiff's pleadings show that he had numerous meaningful opportunities to be heard at the appropriate times. That is all the Constitution requires. Therefore, plaintiff's claims must be dismissed. Additionally, because plaintiff has already amended his complaint twice, and no further amendment could cure the defects identified here, the Court finds that another opportunity to amend would be futile and denies leave to amend.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for leave to file a surreply, ECF 22, is GRANTED, defendant's motion to dismiss, ECF 18, is GRANTED, and plaintiff's case is DISMISSED without leave to amend. Judgment shall follow.

IT IS SO ORDERED.

DATED this 21st day of September, 2026.

Adrienne E. Nelson

Adrienne Nelson
United States District Judge